[No. D002615. Fourth Dist., Div. One. Mar. 31, 1986.]

MICHAEL ANTHONY HUCKO, Plaintiff and Appellant, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

COUNSEL

Thomas E. Nagle and Charles A. Bleiler for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Sr., Eugene P. Gordon and Leslie J. Girard, Deputy City Attorneys, for Defendants and Respondents.

OPINION

**WIENER, Acting P. J.**—Plaintiff Michael Anthony Hucko appeals from the summary judgment in favor of defendant City of San Diego. We affirm.

### FACTS

Hucko was driving his motorcycle at least 20 miles per hour in excess of the posted 50-mile-per-hour speed limit when he was stopped by Officer Thomas Hoenes of the San Diego Police Department. Hoenes issued a speeding ticket to Hucko but did not conduct a field sobriety test.

Ten minutes later Hucko was again speeding when he drove off the road, was thrown from his motorcycle and seriously injured. His blood alcohol level was later determined to be .24. Hucko's complaint seeks recovery for his injuries based on the alleged negligence of Officer Hoenes in failing to recognize signs of intoxication and take steps to prevent Hucko from continuing to drive.

## Discussion

■ It is now well-settled that police officers will not be liable for the unreasonable performance of their duties absent conduct which causes specific potential victims to rely on the police (see, e.g., *Mann* v. *State of California* (1977) 70 Cal.App.3d 773 [139 Cal.Rptr. 82]; *Morgan* v. *County of Yuba* (1964) 230 Cal.App.2d 938 [41 Cal.Rptr. 508]) or otherwise increases the risk of injury (see, e.g., *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252 [74 Cal.Rptr. 389, 449 P.2d 453]). (See, generally, *Williams* v. *State of California* (1983) 34 Cal.3d 18, 24-25 [192 Cal.Rptr. 233, 664 P.2d 137]; *Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 208 [185 Cal.Rptr. 252, 649 P.2d 894].) Several recent Court of Appeal decisions have applied this principle to factual circumstances analogous to the present case.

Particularly relevant is *Harris* v. *Smith* (1984) 157 Cal.App.3d 100 [203 Cal.Rptr. 541], in which plaintiff was seriously injured in a head-on collision with a drunk driver. Twenty minutes before the accident, a highway patrol officer stopped the drunk driver for speeding and issued a citation. Because the officer smelled alcohol on the driver's breath and suspected he was drunk, a field sobriety test was administered. When the driver passed the test, the officer believed he lacked probable cause to arrest and allowed the driver to proceed. Plaintiff introduced evidence suggesting that the administration of the sobriety tests was faulty. (*Id.*, at pp. 102-103.) Relying on *Davidson* and *Williams,* the court nonetheless held that the highway patrol officer was under no legal duty to use due care in the course of his investigation. (*Id.*, at p. 109.)

The only difference between the present case and *Harris* is that the officer in *Harris* performed a field sobriety test whereas Officer Hoenes never saw the need for one. The gist of the alleged negligence in each case, however, is the failure to perform a reasonable and adequate investigation. But under California law, there is no legal duty to do so.[1]

A similar conclusion was reached in *Stout* v. *City of Porterville* (1983) 148 Cal.App.3d 937 [196 Cal.Rptr. 301] where the inebriated plaintiff was stopped by a police officer while walking down a street at 1:30 in the morning. Despite his obviously intoxicated condition, the officer did not take

---

[1]We reject Hucko's contention that a lesson plan prepared by an instructor at the police academy can in any sense constitute an administrative regulation within the meaning of Government Code section 811.6 and *Peterson* v. *City of Long Beach* (1979) 24 Cal.3d 238, 245-246 [155 Cal.Rptr. 360, 594 P.2d 477], thereby creating a mandatory duty to act. (See also *Clemente* v. *State of California* (1985) 40 Cal.3d 202, 214-215 [219 Cal.Rptr. 445, 707 P.2d 818].)

plaintiff into custody for violating Penal Code section 647, subdivision (f). Plaintiff was later struck by a vehicle and sued the city to recover for the injuries he sustained. The court found that the officer owed no legal duty to the plaintiff because the officer's conduct in no way increased the risk that plaintiff would be injured. (*Id.,* at p. 945; see also *Jackson* v. *Clements* (1983) 146 Cal.App.3d 983, 988 [194 Cal.Rptr. 553].)

We admit to some concern not only with the conclusions reached in such cases but also with the way the conclusions are often phrased. The notion that a person has "no duty to use due care" strikes a discordant note in the modern psyche. One would think we have progressed beyond the view proffered by the court in *Le Lievre* v. *Gould* (1893) 1 Q.B. 491, 497 that "[a] man is entitled to be as negligent as he pleases towards the whole world if he owes no duty to them." The question is not so much "duty" to the extent that word as a legal term of art still connotes "obligation" or "responsibility." Everyone should be obliged to act reasonably. (See Civ. Code, § 1714; *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 111-112 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) The relevant inquiry in cases such as this is whether public policy considerations justify a departure from the general rule that persons will be *held liable* for their failure to act reasonably. The issue is one of legal remedy, not "duty." In cases where liability is restricted, society is not intending to foster unreasonable conduct; rather, other policy interests are seen as being adversely affected if defendants' conduct and decisions are subject to judicial scrutiny and sanctions. (See, generally, *Marois* v. *Royal Investigation & Patrol, Inc.* (1984) 162 Cal.App.3d 193, 198 [208 Cal.Rptr. 384].)

It is of course immaterial whether we believe sufficient policy considerations relevant to the functions of police officers justify a departure from the general rule that all persons should be liable for their failure to act reasonably. That the Supreme Court believes such considerations exist and predominate has been made abundantly clear in cases such as *Williams* v. *State of California, supra,* 34 Cal.3d 18 and *Davidson* v. *City of Westminster, supra,* 32 Cal.3d 197.

In the absence of such precedent, we would be persuaded by decisions of courts in sister states holding that police officers and the governmental entities which employ them may be held liable if an officer who has initially stopped an intoxicated driver negligently allows him to continue driving. (See *Irwin* v. *Town of Ware* (1984) 392 Mass. 745 [467 N.E.2d 1292, 1303-1304]; *Huhn* v. *Dixie Ins. Co.* (Fla. App. 1984) 453 So.2d 70.) *Irwin,* in particular, makes a compelling argument that a law enforcement officer who has actually stopped a motorist he knows or should know is intoxicated

thereby creates a special relationship with the driver such that liability may be imposed if the driver later causes injury to himself or others.

Given the "horrific risk posed by those who drink and drive" (*Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 262 [198 Cal.Rptr. 145, 673 P.2d 732]), all branches of government have in various ways demonstrated their resolve to remove the drinking driver from the highway. (*Id.*, at pp. 262-266; *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 155 [181 Cal.Rptr. 784, 642 P.2d 1305].) In light of that goal, the present type of case would appear to be ill-suited to support an exception to the general rule that persons are legally liable for the damages occasioned by their failure to act reasonably. Where the risks created by a person's negligence are as significant and serious as those arising from a police officer's failure to remove an intoxicated motorist from the highway, one would presume that the policy considerations supporting a rule of nonliability would have to be overwhelming. While we have difficulty so classifying them in the present case, the Supreme Court precedent on the issue and our status as an intermediate appellate court compel us to hold that the motion for summary judgment was properly granted. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

DISPOSITION

Judgment affirmed.

Work, J., and Jones, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied July 16, 1986.

---

*Assigned by the Chairperson of the Judicial Council.