TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 87-802 |
| of | : | <u>MARCH 1, 1988</u> |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| Rodney O. Lilyquist<br>Deputy Attorney General | : | |

_____

THE HONORABLE J. E. SMITH, COMMISSIONER, DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, has requested an opinion on the following questions:

1. Does a peace officer have the authority to release a person arrested for driving under the influence of an alcoholic beverage by issuing to the person a notice to appear in court and accepting the person's written promise to appear?

2. Where a person is arrested for driving under the influence of an alcoholic beverage and released upon a written promise to appear in court, would the arresting officer be liable for injury caused by the person after the release?

CONCLUSIONS

1. A peace officer has the authority to release a person arrested for driving under the influence of an alcoholic beverage by issuing to the person a notice to appear in court and accepting the person's written promise to appear.

1

87-802

2.     Where a person is arrested for driving under the influence of an alcoholic beverage and released upon a written promise to appear in court, the arresting officer would not, without additional facts being established, be liable for injury caused by the person after the release.

ANALYSIS

Section 23152 of the Vehicle Code[1] states in part:

"(a) It is unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle.

"(b) It is unlawful for any person who has 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

The two questions presented for analysis concern the arrest of a person for "driving under the influence," a misdemeanor violation of section 23152. May the arresting officer release the person witho"ut taking him or her to a magistrate, and would the officer be liable for an injury caused by the person after the release?

1. <u>Authority to Release</u>

For the vast majority of Vehicle Code violations, the person arrested is not taken to jail or to court. Rather, the officer prepares a written notice to appear (i.e., a citation or "ticket") and releases the violator after the latter has given a written promise to appear in court. (§§ 40300-40604; see *People v. Superior Court* (1972) 7 Cal.3d 186, 199-200; *People v. Yniguez* (1971) 15 Cal.App.3d 669, 671-672; *People v. Mercurio* (1970) 10 Cal.App.3d 426, 430.)

Certain serious misdemeanor offenses, however, require that the person arrested be brought "before a magistrate," a judge of one of the courts (Pen. Code § 808). Section 40302 provides:

"Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person *shall be taken without unnecessary delay before a magistrate* within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases:

"(a) When the person arrested fails to present his driver's license or other satisfactory evidence of his identity for examination.

---

[1] All references hereafter to the Vehicle Code are by section number only.

2

"(b) When the person arrested refuses to give his written promise to appear in court.

"(c) When the person arrested demands an immediate appearance before a magistrate.

"(d) *When the person arrested is charged with violating Section 23152.*" (Emphases added.)

Section 40302 mandates the taking of the person to a magistrate under the specified circumstances, including when the person is arrested for driving under the influence. (*People v. Superior Court, supra*, 7 Cal.3d 186, 199-201, 208-210; *People v. Pringle* (1984) 151 Cal.App.3d 854, 858: *People v. Yniguez, supra*, 15 Cal.App.3d 669, 673; *People v. Superior Court* (1971) 14 Cal.App.3d 935, 945; *People v. Mercurio, supra*, 10 Cal.App.3d 426, 430; *People v. Salinas* (1980) 111 Cal.App.3d Supp. 27, 31.) If the magistrate is unavailable, the officer is required to take the person either to the magistrate's clerk or to "[t]he officer in charge of the most accessible county or city jail . . . ." (§ 40307.) The person is not to be "booked"[2] by the officer (*People v. Superior Court, supra*, 7 Cal.3d 186, 208-210; *Agar v. Superior Court* (1971) 21 Cal.App.3d 24, 27-28; *Carpio v. Superior Court, supra*, 19 Cal.App.3d 790, 793-794; *People v. Mercurio, supra*, 10 Cal.App.3d 426, 431; rather, he or she is entitled to an immediate release from the magistrate, clerk, or jailer either upon his or her own recognizance upon a written promise to appear or upon the posting of bail. (§§ 40306, 40307.) The only exception to an immediate release is "in cases in which a temporary detention is necessary to permit a motorist to recover from alcoholic or narcotic intoxication sufficiently to be released with safety to himself and to the public." (*People v. Superior Court, supra*, 7 Cal.3d 186, 209, fn. 17; see *People v. Yniguez, supra*, 15 Cal.App.3d 669, 673; *Evans v. Municipal Court* (1962) 207 Cal.App.2d 633, 636.)[3]

The mandatory nature of section 40302 is to be contrasted with section 40303 and other statutes involving less serious offenses that give the officer the option of taking the person to a magistrate or releasing the arrestee upon a written promise to appear. Section 40303, for example, provides in part:

"Whenever any person is arrested for any of the following offenses and the arresting officer is not required to take the person without unnecessary delay before a magistrate, the arrested person shall, in the judgment of the arresting

---

[2] "To 'book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." (Pen. Code, § 7, subd. 21; see *People v. Superior Court, supra,* 7 Cal.3d 186, 208; *Carpio v. Superior Court* (1971) 19 Cal.App. 3d 790, 793.)

[3] A motorist may also be detained for up to two hours in order to verify his or her identity pursuant to section 40307.

3

officer, either be given a 10 days' notice to appear as provided in this section or be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made:

"(a) Section 10852 or 10853, relating to injuring or tampering with a vehicle.

" . . . . . . . . . . . . . . . . . . . . . . . .

"(o) Section 21200.5, relating to riding a bicycle while under the influence of an alcoholic beverage or any drug."

If the provisions of the Vehicle Code were the only statutes at issue, we would have no difficulty in answering the question. The arresting officer would be prohibited from issuing a notice to appear when the person is charged with violating section 23152. A different result, however, is compelled by the language of Penal Code section 853.6.

The general provisions of Penal Code section 853.6 apply where the person is arrested for a misdemeanor. In relevant part, the statute provides:

"(a) In any case in which a person is arrested for an offense declared to be a misdemeanor, including violation of any city or county ordinance, and does not demand to be taken before a magistrate, that person shall, instead of being taken before a magistrate, be released according to the procedures set forth by this chapter. If the person is released, the officer or superior shall prepare in duplicate a written notice to appear in court, containing the name and address of the person, the offense charged, and the time and place where and when the person shall appear in court. If pursuant to subdivision (i), the person is not released prior to being booked and the officer in charge of the booking or his or her superior determines that the person should be released, the officer or superior shall prepare a written notice to appear in a court.

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) The officer shall deliver one copy of the notice to appear to the arrested person, and the arrested person, in order to secure release, shall give his or her written promise so to appear in court by signing the duplicate notice which shall be retained by the officer. Thereupon the arresting officer shall immediately release the person arrested from custody.

" . . . . . . . . . . . . . . . . . . . . . . . .

4

(g) The officer may either book the arrested person, as defined in subdivision 21 of Section 7, prior to release or indicate on the citation that the arrested person shall be booked.  In the event it is indicated on the citation that the arrested person is to be booked, the magistrate shall, before the proceedings are finally concluded, order the defendant to be booked by the arresting agency.

" . . . . . . . . . . . . . . . . . . . . . . .

"(i) Whenever any person is arrested by a peace officer for a misdemeanor, that person shall be released according to the procedures set forth by this chapter unless one of the following is a reason for nonrelease, *in which case the arresting officer may release the person*, or the arresting officer shall indicate, on a form to be established by his or her employing law enforcement agency, which of the following was a reason for the nonrelease:

(1)  The person arrested was so intoxicated that he or she could have been a danger to himself or herself or to others.

(2)  The person arrested required medical examination or medical care or was otherwise unable to care for his or her own safety.

(3)  *The person was arrested under one or more of the circumstances listed in Sections 40302* and 40303 of the Vehicle Code.

" . . . . . . . . . . . . . . . . . . . . . . ."

(Emphases added.)

Not only does Penal Code section 853.6 allow for the booking of the arrested person, it authorizes the officer to release a "person arrested under one or more of the circumstances listed in Sections 40302 and 40303 of the Vehicle Code."  The language "in which case the arresting officer may release the person" was added to section 853.6 in 1984.  (Stats. 1984, ch. 952, § 1, p. 3306.)  Such language was not part of the legislative bill as originally introduced but was contained in the author's amendment of May 15, 1984.  The committee report of the Assembly Committee on Criminal Law and Public Safety described the purpose of the author's amendment as follows:

"*Peace Officer Flexibility Preserved.*  As amended May 15, 1984, the flexibility of a peace officer to release a person even when one of the technical nonrelease provisions set forth in paragraphs 1 through 9, on pages 4 and 5 applies, is preserved.  As peace officer representatives have pointed out, numerous circumstances may arise when, though a person is not technically eligible for release, it would be desirable to release them (no satisfactory evidence of ID but the officers recognize the individual, an outstanding warrant exists for a

5

very minor offense, the person is intoxicated but someone is willing to care for them, etc.)"

The committee report of the Senate Committee on Judiciary similarly provided:

"*Peace officer flexibility preserved*. AB 2858 would preserve the discretion of a peace officer to release a person even when one of the technical non-release provisions listed in Comment 4 did not apply. As peace officer representatives have pointed out, numerous circumstances may arise when though a person is not technically eligible for release, it would be desirable to release him ―e.g., (no satisfactory evidence of ID but the officers recognize the individual, an outstanding warrant exists for a very minor offense, the person is intoxicated but someone is willing to care for them, etc.)"

It is clear, therefore, from the legislative history of the amendment of section 853.6 in 1984 that the Legislature intended to authorize an arresting officer to release a person arrested for driving under the influence of an alcoholic beverage by issuing to the person a notice to appear in court and accepting the person's written promise to appear.

As interpreted by the courts, section 40302 gives the arresting officer no option when the charge is a violation of section 23152. He or she must take the arrested person to a magistrate and is prohibited from issuing a notice to appear. On the other hand, Penal Code section 853.6 expressly authorizes the officer to release the arrested person under the circumstances described in section 40302.

We find "'no rational basis for harmonizing the two potentially conflicting statutes.'" *Dew v. Appleberry* (1979) 23 Cal.3d 630, 636.) While it is true that "when a special and a general statute are in conflict, the former controls" (*Agricultural Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 420), section 40302 cannot be said to be more specific than Penal Code section 853.6 since the latter expressly refers to the former.

What is significant is that the mandatory language of section 40302 was part of the statute when it was enacted in 1959 (Stats. 1959, ch. 3, pp. 1774-1775), while the express discretionary language of Penal Code section 853.6 concerning section 40302 was added by the Legislature in 1984. It is well-recognized that "when two laws upon the same subject, passed at different times, are inconsistent with each other, the one last passed must prevail." (*Canteen Corp. v. State Bd. of Equalization* (1985) 174 Cal.App.3d 952, 960; see *In re Thierry S.* (1977) 19 Cal.3d 727, 744; *Woodward v. Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 664.) "[T]he arresting officer may release the person . . . arrested under . . . the circumstances listed in Sections 40302 . . . ." constitutes the latest expression of the will of the Legislature, and as such controls our conclusion.[4]

---

[4] We understand that the basis for the question is the recent lack of detoxification, detention, jail, and court facilities necessary to accommodate the temporary custody of all persons arrested

In answer to the first question, therefore, we conclude that a peace officer has the authority to release a person arrested for driving under the influence of an alcoholic beverage by issuing to the person a notice to appear in court and accepting the person's written promise to appear.

2. Liability for Injury

In determining whether a peace officer or law enforcement agency would be liable for an injury caused by a person released after being arrested for driving under the influence, the threshold issue to be resolved is whether any duty of care is owed to the injured party. (See *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 201-202; *Harris v. Smith* (1984) 157 Cal.App.3d 100, 104; *Whitcombe v. City of Yolo* (1977) 73 Cal.App.3d 698, 706; 68 Ops.Cal.Atty.Gen. 250, 255 (1985).)

With respect to this issue, however, it has been stated that "[a]s a general rule, one owes no duty to control the conduct of another nor to warn those endangered by such conduct." (*Bonds v. State of California* ex rel. *Cal. Highway Patrol* (1982) 138 Cal.App.3d 314, 318; see *Thompson v. County of Alameda* (1980) 27 Cal.3d 741, 750-758; 68 Ops.Cal.Atty.Gen. 250, 255 (1985).)

In *Jackson v. Clements* (1983) 146 Cal.App.3d 983, police officers investigated a party where alcoholic beverages were being served; they detained a person named Clements for about one-half hour during the investigation. They knew that Clements was too intoxicated to drive but did not prevent him from leaving the party in his automobile. Clements thereafter killed three people while driving under the influence.[5] The court concluded that the officers had no duty of care in these circumstances:

> "Plaintiffs cite no authority, nor has any been found, to support their claim that a police officer's observation of a citizen's conduct which might foreseeably create a risk of harm to others, or the officer's temporary detention of the citizen, creates a special relationship which imposes on the officer a duty to control the citizen's subsequent behavior. The case law is to the contrary." (*Id.*, at p. 987.)

In *Harris v. Smith, supra*, 157 Cal.App.3d 100, the officer stopped a motorist for speeding. He detected the odor of alcohol on the driver's breath, but the driver passed three field sobriety tests and was released. About one-half hour later the driver was in an accident in which two persons were killed. His blood alcohol level was .17. Under these facts the court concluded that the officer owed no duty of care to the persons killed:

---

for driving under the influence.

[5] These were the allegations of the complaint accepted as true on the appeal from the dismissal of the complaint.

87-802

"Officer Kreps did not create the peril to plaintiff; he took no affirmative action which contributed to, increased or changed the risk that otherwise existed; he did not voluntarily assume any responsibility to protect plaintiff; and he made no statement or promise to induce plaintiff's reliance. Assuming, arguendo, plaintiff or any other member of the motoring public was a reasonably foreseeable victim, that fact alone is not enough to establish a special relationship with Officer Kreps imposing on him a duty to use due care." (*Id.*, at p. 105.)

With respect to whether the failure to stop a person from acting dangerously constituted an affirmative act increasing the risk of harm to others, the court observed:

"However, the facts of *Davidson* demonstrate that a police officer does not act affirmatively to increase the risk of harm simply by failing to stop a citizen from acting dangerously. There, police had solid information that a suspect in a laundromat was dangerous. They failed to intercede or to warn another citizen in the laundromat, whom the suspect later stabbed. The Supreme Court found no special relationship, no duty of care toward the victim, and no negligence. (*Davidson, supra*, 32 Cal.3d at p. 209.) The court said, '[The officers'] conduct did not change the risk which would have existed in their absence. There is simply no reason to speculate that anyone—Yolanda or Blackmun, victim or assailant—would have acted differently had the officers not placed the laundromat under surveillance.' (*Id.*, at p. 208.) Similarly, in the instant case the conduct of Officer Kreps did not alter any risk which already was present." (*Id.*, at p. 107.)

In *Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425, the Supreme Court ruled that police officers had no duty to control a person arrested and released even though they knew of the person's potential for violence against a specific victim. (*Id.*, at p. 444; see also *Davidson v. City of Westminster, supra*, 32 Cal.3d 197, 205; *Thompson v. County of Alameda, supra*, 27 Cal.3d 741, 752, 756.)

A finding of a duty of care would require the showing of a "special relationship" described in *Jackson v. Clements, supra*, 146 Cal.App.3d 983, 988, as:

". . . . (1) where there was a voluntary assumption by the public official of a duty toward the injured party [citation], (2) where the police had induced the victim's reliance on a promise, express or implied, that they would protect him [citation], or (3) where the victim was dependent upon the police or other public official for protection because the official either created the peril [citation] or increased or changed the risk which would have otherwise existed, 'as by lulling the injured parties into a false sense of security and perhaps preventing other assistance from being sought.' [Citations.]"

While these various special circumstances give rise to a duty of care (see *Williams v. State of California*, (1983) 34 Cal.3d 18, 23-25; *Davidson v. City of Westminster, supra*, 32 Cal.3d 197,

203; *Duffy v. City of Oceanside* (1986) 179 Cal.App.3d 666, 671-672; *Harris v. Smith, supra,* 157 Cal.App.3d 100, 105; *Bonds v. State of California* ex rel. *Cal. Highway Patrol, supra,* 138 Cal.App.3d 314, 318; 68 Ops.Cal.Atty.Gen. 250, 255 (1985)), the injured party must necessarily also prove in order to recover damages: (1) a breach of such duty, (2) a proximate causal connection between the conduct and injury, and (3) an actual loss or damage (*Harris v. Smith, supra,* 157 Cal.App.3d 100, 104). Moreover, the police officer and law enforcement agency may have an immunity from liability even assuming all elements of a cause of action are established by the injured party.

In some states "police officers and governmental entities which employ them may be held liable if an officer who has initially stopped an intoxicated driver negligently allows him to continue driving." (*Hucko v. City of San Diego* (1986) 179 Cal.App.3d 520, 523; see *Irwin v. Town of Ware* (1984) 392 Mass. 745 [467 N.E.2d 1292, 1303-1304]; *Huhn v. Dixie Ins. Co.* (Fla.App.1984) 453 So.2d 70.) Such, however, is not the case in California. While peace officers may have a duty to enforce the provisions of the Vehicle Code, they do not act as "an insurer of safety on the highway." (*Bonds v. State of California* ex rel. *Cal. Highway Patrol, supra,* 138 Cal.App.3d 314, 320; see *Williams v. State of California, supra,* 34 Cal.3d 18, 24.) The Legislature has provided public entities and public officials with numerous immunities, including an immunity for the "failure to enforce any law" (Gov. Code, § 818.2), for the "exercise of the discretion vested in him, whether or not such discretion be abused" (Gov. Code, § 8202.2), for the "failure to enforce an enactment" (Gov. Code, § 821), and for "determining whether to parole or release a prisoner" (§ 845.8). With specific regard to the release of arrested persons, Government Code section 846 provides:

> "Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody."

Government Code section 846 would give the arresting officer immunity from liability for injury caused by a person arrested for drunk driving and released upon a written promise to appear in court. (See *Hucko v. City of San Diego, supra,* 179 Cal.App.3d 520, 521-524; *Truong v. James* (1985) 168 Cal.App.3d 833, 835; see also *Bonds v. State of California* ex rel. *Cal. Highway Patrol, supra,* 138 Cal.App.3d 314, 322.)

In answer to the second question, therefore, we conclude that where a person is arrested for driving under the influence of an alcoholic beverage and released upon a written promise to appear in court, the arresting officer would not, without additional facts being established, be liable for injury caused by the person after the release.

*****

9