Opinion
SAETA, J.
Defendant was stopped by police officers for her failure to stop at a stop sign in violation of Vehicle Code section 22450. She was not able to produce a driver’s license, vehicle registration, or other suitable identification and gave the officer conflicting information about her name and date of birth. She was then arrested pursuant to Vehicle Code section 40302, subdivision (a),[1] which statute requires an arrest when a driver cannot produce satisfactory identification. Defendant was handcuffed and her outer clothing and coat pockets were patted down in a search for weapons. No weapon was found.
Another officer (Leahy) arrived at the scene to transport defendant to the police station. He also checked defendant’s pockets for weapons with the same results. As defendant got into the police vehicle, Leahy noted that she did so in an awkward and unusual manner: “She did not bend at the waist, as most people do, but she kept herself rigid and slid her body across the seat and protruded her legs underneath the... front seat of the vehicle... I looked closely at her and it seemed to me that she might have a physical disability or something wrong with her, or something in her person that would cause her to be rigid.” At that time defendant’s hands were handcuffed behind her back.
On arrival at the police station Officer Leahy noted that defendant was evasive and that she had a bulge in the crotch area of her pants. He informed two female police officers that defendant was “holding” something. The three officers thereupon rolled down the top of defendant’s pants about two inches, uncovering a revolver and holster. The weapon was seized. Defendant was then taken to another part of the station and *Supp. 30 the two female officers searched her more thoroughly and uncovered packages of contraband concealed in defendant’s brassiere.
As a result of these searches defendant was charged with four misdemeanor counts: I: Penal Code section 12025 (carrying a firearm without a license); II: Penal Code section 12031, subdivision (a) (carrying a loaded firearm in a public place); III: Penal Code section 496 (receiving stolen property); and IV: Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance). Defendant moved to suppress the evidence. Her motion was denied. Thereupon, she pleaded guilty to counts I and IV; counts II and III were dismissed on motion of the People. Defendant now appeals from the denial of her motion to suppress. (Pen. Code, § 1538.5, subd. (m).)
Although defendant argued at the suppression hearing that the patdown searches at the scene of the arrest were illegal (there being no articulation of any fear by the officers or any suspicion of defendant carrying a weapon), the point is in effect abandoned in her appellate briefs. Instead, defendant focuses on a claimed right to be released under Vehicle Code section 40500 and the lack of authority of the officers to search her in the station. Defendant places her principal reliance on People v. Superior Court (Simon) (1972) 7 Cal.3d 186 [101 Cal.Rptr. 837, 496 P.2d 1205] and cited this case to the trial judge. That judge misapplied Simon in a cursory fashion. This led to the error of denying the motion to suppress. Simon controls the result in this case.
Simon also involved an arrest made under Vehicle Code section 40302, subdivision (a) for the failure of the defendant to properly identify himself after the officers observed a minor Vehicle Code violation (driving without headlights or taillights). As the officers had no arrest or search warrant, the burden was on the People to justify the later search. (Badillo v. Superior Court (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) The Supreme Court held that there was insufficient information to suspect Simon of auto theft. (In our case, the officer testified that defendant’s vehicle was not stolen.) The officer not believing the vehicle to be stolen, appellate counsel was foreclosed from arguing that suspicion of auto theft could justify Simon’s search. (Simon, supra at Cal.3d at p. 198.) (In our case defendant protests that the People should not be able to argue their rights under Vehicle Code section 40307 as this statute was not mentioned by the officers in justifying their search of defendant at the station. However, we deem it proper, for a complete disposition of this appeal, to briefly address the thrust of *Supp. 31 Vehicle Code section 40307 as related to the facts of our case and will do so later in this opinion.)
Simon, supra, at page 201, quotes the earlier case of People v. Superior Court (Kiefer) (1970) 3 Cal.3d 807, 812-813 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559]: “Thus, ‘It is now settled that an incident to a lawful arrest, a warrantless search limited both as to time [citation] and place [citation] may be made (1) for instrumentalities used to commit the crime, the fruits of that crime, and other evidence thereof which will aid in the apprehension or conviction of the criminal; (2) for articles the possession of which is itself unlawful, such as contraband or goods known to be stolen; and (3) for weapons which can be used to assault the arresting officer or to effect an escape’.”
As in Simon, in our case there are no instrumentalities used to commit the crime of going through a boulevard stop qor any hint in the offense or in the officers’ observations of our defendant that contraband or stolen goods were to be found. After discussing Terry v. Ohio (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868] and Sibron v. New York (1968) 392 U.S. 40 [20 L.Ed.2d 917, 88 S.Ct. 1889], the California Supreme Court concluded “that when a police officer observes a traffic violation and stops the motorist for the purpose of issuing a citation, a pat-down search for weapons as an incident to that arrest must be predicated on specific facts or circumstances giving the officer reasonable grounds to believe that a weapon is secreted on the motorist’s person.” (Simon, at p. 206, italics added.)
As .pertinent to our case, Simon then discusses the application of Vehicle Code section 40302 to motorists required to be transported to the police station. Under that section, and Vehicle Code sections 40306 and 40307, the motorist must be taken before either a magistrate or a clerk or police officer who shall admit him to bail or release him on a simple promise to appear. (Id. at p. 209.) “Accordingly, he cannot lawfully be subjected to the routine booking process used in the case of a nontraffic misdemeanant; nor can he be searched as an incident of that process, either in the field or at a police station.” (Ibid.)
We need not address the legality of the field searches because defendant makes no point of them nor do we see that the field searches had any connection with the station search. But applying the law as enunciated in Simon to the facts of our case, the searches in the station were illegal. The officers articulated no fear for their safety in the jail *Supp. 32 nor any suspicion that the bulge represented a weapon or a possible weapon. The officer at the scene of the arrest thought that defendant was suffering from some kind of physical disability. At the station the officer thought defendant was “holding.” The People did not ask him, at the suppression hearing, what “holding” meant or what he suspected was making the bulge in defendant’s pants. “Holding,” in the police vernacular, is commonly associated with narcotics, not weapons. There was no reason given by the police to suspect defendant of hiding narcotics on her person. Given the People’s duty of justifying the search (Badillo v. Superior Court, supra, 46 Cal.2d 269), the burden was on the People to develop the facts that would have allowed the officers to search defendant’s pants.
The People assert that an amendment to Vehicle Code section 40307 since the Simon case should affect the results in our case. Simon focuses on the immediate release of motorists not taken to the magistrate. In 1971 a second paragraph was added to subdivision (b) of section 40307. That paragraph allowed the officer in charge of the place of detention to detain the motorist for a reasonable period of time, not to exceed one hour. In 1974 this was extended to two hours. But this authorization to detain is not an authorization to search. Simon focused on searches: no booking or searching in the field or station was allowed. The amendments to section 40307 do not undercut Simon. The record of our case reveals that the search of defendant was made within two minutes of her entry into the station and that no officer offered her the chance to be taken to a magistrate or to make bail or to sign a promise to appear. Fingerprinting was started. We assume this was for the process of identification and not of booking. However, the search was not justified, nor could it be, as a carrying out of any officer’s Vehicle Code section 40307 duties.
The search cannot be justified as a protection of the jail. This argument was treated in Simon as applying only when the defendant was to be booked. (Simon, supra, at p. 208.) “To properly exceed the scope of a pat-down the officer must be able to point to ‘specific and articulable facts reasonably supporting his suspicion’ that the suspect is armed.” (People v. Brisendine (1975) 13 Cal.3d 528, 542 [119 Cal.Rptr. 315, 531 P.2d 1099], italics added.) “The record does not contain one single fact from which, by the application of an objective standard, it could be concluded that the officer reasonably thought he was in danger.” (People v. Adam (1969) 1 Cal.App.3d 486, 492 [81 Cal.Rptr. 738].) Those words apply equally to the facts of our case.
*Supp. 33 Accordingly, the station search not having been justified by the People, the motion to suppress should have been granted.
The judgment is reversed.
Ibáñez, P. J., and Fainer, J., concurred.

 Vehicle Code section 40302, subdivision (a) reads as follows: “Whenever a person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases:
“(a) When the person arrested fails to present his driver’s license or other satisfactory evidence of his identity for examination.”