[No. A020290. First Dist., Div. Two. May 29, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT GEORGE BENZ, Defendant and Respondent.

484

COUNSEL

Edward Torrico and Bevis, Fitzgerald, Torrico & Haig for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Ronald E. Niver, Deputy Attorneys General, for Defendant and Respondent.

OPINION

ROUSE, J.—Defendant Robert George Benz, also known as Robert George Evans, was charged by information with several counts of possession of controlled substances, in violation of sections 11350 and 11377 of the Health and Safety Code. He pleaded not guilty and moved to suppress the evidence which formed the basis of the charges. The trial court granted his motion, in part, and dismissed all counts. The People filed a timely notice of appeal.

At approximately 1:30 a.m. on August 9, 1982, Officer Metcalf of the San Rafael Police Department observed a vehicle proceeding erratically in the City of San Rafael. Officer Metcalf pulled the vehicle over and conducted a roadside test with the driver, defendant Benz. Defendant performed the test unsatisfactorily, and Officer Metcalf placed him under arrest for driving under the influence of alcohol, in violation of section 23152 of the Vehicle Code. Because he had neither a driver's license nor any other form of identification, Officer Metcalf also placed defendant under arrest for driv-

ing without a license, in violation of section 12951, subdivision (a), of the Vehicle Code. When defendant refused to take any alcohol test, Metcalf transported him to the Marin County Jail.

During the course of a conversation between Officer Metcalf and defendant, which took place prior to the arrest, defendant stated that his name was Robert George Evans, that he was a longtime resident of San Rafael, and that he lived at 1322 La Brea Way (later correcting his address to 1323 La Brea Way.) Officer Metcalf radioed his dispatcher and was informed that no Robert George Evans on La Brea Way had ever been issued a California driver's license.

At the jail, defendant decided to take a breath test and the results were negative. Officer Metcalf testified that he then sought to verify defendant's identity so that he could release him with a citation for driving without a license. However, during the course of Officer Metcalf's subsequent efforts, not only was he unable to verify defendant's identity through the DMV computer, but learned that the address which defendant had given to him did not exist.

Upon further questioning by Officer Metcalf, defendant again stated that he had a driver's license under the name Robert George Evans and that he lived at 1323 La Brea. At this point, Officer Metcalf booked defendant for giving false information to a peace officer, in violation of section 31 of the Vehicle Code, as well as driving without a license. During the booking process, defendant was asked to hand over all of his personal property, including his belt and shoes. As defendant took off his right boot and brought it up to the counter, the following items spilled out: 10 methamphetamine tablets, 7 amphetamine capsules, a plastic bag containing .20 grams of heroin, a bindle containing .03 grams of cocaine, a bindle containing .29 grams of ethyl morphine, and a vial containing .04 grams of methamphetamine.

Defendant testified that he had $343 in cash on his person at the time of the arrest. Officer Metcalf admitted that he recalled that defendant did have a substantial amount of cash on him at the time of the booking search.

At the conclusion of the suppression hearing, the trial court granted defendant's motion to suppress the evidence obtained as a result of the booking search at the Marin County Jail. The court ruled that defendant could not be booked until he had been given the opportunity to post bail and had either refused or been unable to do so; and that any search conducted as an incident to defendant's booking and prior to an offer of bail was therefore invalid.

■ Section 40307 of the Vehicle Code provides that when a person arrested under the Vehicle Code fails to present a driver's license or other satisfactory means of identification, and is taken into custody because a magistrate is unavailable, the officer in charge of the county jail may "detain the person arrested for a reasonable period of time, not to exceed two hours, in order to verify his identity." The dispositive question before this court is, what can be done with such a person while an investigation to verify his identity is being conducted?

It is clear that section 40307 of the Vehicle Code is applicable to this case. Defendant was arrested pursuant to the Vehicle Code, he had no driver's license or other means of identification, a magistrate was unavailable at the time of the arrest, and the police had reasonable justification to seek verification of defendant's identity. This being the case, the police had ample cause to detain defendant for "a reasonable period of time, not to exceed two hours."

■ The California Supreme Court has consistently held that the police have the right to conduct a full-body inventory search of any person who is being booked into a jail facility. (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 725 [195 Cal.Rptr. 503, 669 P.2d 1278]; *People* v. *Maher* (1976) 17 Cal.3d 196, 200-201 [130 Cal.Rptr. 508, 550 P.2d 1044].) The justification for such a search falls into two broad categories—inventory and jail safety. "First, in California several statutes impose on jail officials the duty to take charge of, give receipts for, keep safely, and account for the personal property of all persons delivered into their custody. . . . Secondly, by virtue of their office jailers have the general responsibility to prevent escapes, safeguard both staff and inmates, and protect jail property; to discharge that responsibility they have the corresponding right to prevent the introduction into jail of anything that could be used to attempt an escape or harm persons or property, such as weapons or contraband." (*People* v. *Laiwa, supra,* 34 Cal.3d 711, 726.)

The Supreme Court has stated that "[t]he rationale behind these security measures is obvious: in a jail setting, a substantial number of persons are involuntarily confined for varied periods throughout a vast facility where constant supervision is not feasible." (*People* v. *Maher, supra,* 17 Cal.3d 196, 201.)

■ It is clear that the same justifications and rationale that give the police the right to search a person prior to booking should give them that right prior to detention. Although the police could not have detained defendant for more than two hours under section 40307 of the Vehicle Code, they were still under an obligation to inventory and safeguard his property

and to protect the jail from the introduction of any weapons or contraband. Defendant suggests that the Marin County jail has detention cells to separate persons being detained from persons imprisoned. However, the distinction between cells used for detention and cells used for imprisonment was never mentioned by the Supreme Court and we do not view it as relevant in light of the court's express justifications and rationale for a jailhouse inventory search.

A somewhat analogous situation is presented when a prisoner who is given the opportunity, but is unable, to post bail must wait for someone to arrive at the jailhouse to post bail. In his concurring opinion in *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186, 215 [101 Cal.Rptr. 837, 496 P.2d 1205], Chief Justice Wright made the following apt observations: "It would be an unreasonable burden to require law enforcement officers to segregate the person detained in some remote area of the custodial facilities removed from the jail population or assign an officer to watch over the arrestee until the required bail is posted which may be hours or days later. The safety of those detaining him, the safety of others, and the prevention of the introduction of contraband into the custodial facility require that such a person be subjected to a full search. [Citations.] The reasons for the rule apply to the detention of a traffic law violator who is unable to meet bail as well as to the detention of an arrestee who is booked on a criminal charge." Similarly, in this instance, defendant could not have expected jail officers at the Marin County jail to segregate him in a remote area of the jail and watch over him until his identity could be verified.

Defendant argues, and the trial court held, that Officer Metcalf's failure to allow defendant to post bail fatally flawed his subsequent search. This reasoning ignores the clear import of section 40307 of the Vehicle Code. Under the provisions of that section, the right to detain a person "in order to verify his identity" is expressly granted "[w]henever a person is taken into custody pursuant to [Veh. Code, § 40302, subd. (a)—failure to produce a driver's license or other means of identification] . . . ." There is no requirement that the police provide a person the opportunity to post bail prior to detaining him under section 40307, subdivision (b).

■ Defendant cites *People* v. *Salinas* (1980) 111 Cal.App.3d Supp. 27, 32 [169 Cal.Rptr. 16], a decision of the Appellate Department of the Los Angeles County Superior Court, for the proposition that detention under section 40307, subdivision (b), of the Vehicle Code, is not authorization to search. However, the *Salinas* court ignored the justifications and rationale of a jailhouse search as set forth in *People* v. *Laiwa, supra,* 34 Cal.3d 711, 726: (1) to safeguard and inventory a defendant's possessions, and (2) to prevent the introduction of contraband (as well as weapons) into the jail. It

is clear from a reading of *People* v. *Maher, supra,* 17 Cal.3d 196, and *People* v. *Laiwa, supra,* that the police do not need to demonstrate that they had reason to believe that a person was armed before that person could be subjected to a jailhouse search. For these reasons, we decline to follow *Salinas.*

Defendant also relies heavily on the California Supreme Court's decision in *People* v. *Superior Court (Simon), supra,* 7 Cal.3d 186. The *Simon* decision, however, is readily distinguishable. In that case, a police officer arrested the defendant under section 40302 of the Vehicle Code and proceeded to search his pockets at the scene of the arrest without any probable cause to believe that he was armed. The California Supreme Court stated that it need not go into the merits of the accelerated booking search, since there was no inevitability that the defendant would, in fact, have been booked. (Pp. 208-209.) The court held that the search was invalid as an incident to arrest. (P. 208.)

In this instance, defendant apparently fails to appreciate the difference between a search incident to arrest for which an officer must have probable cause and a jailhouse inventory search for which probable cause is not required. (See *People* v. *Maher, supra,* 17 Cal.3d 196; *People* v. *Laiwa, supra,* 34 Cal.3d 711.) ■ We hold only that the same justifications and rationale applicable to a jailhouse search prior to booking apply to a jailhouse search prior to a detention made pursuant to section 40307 of the Vehicle Code. Although defendant is correct in claiming that he could not properly have been booked and searched without the opportunity to post bail, he could properly be detained and searched. For these reasons, we conclude that the evidence obtained during the search at the Marin County jail should not have been suppressed.[1]

■ This holding need not be construed as giving the police broad discretion under section 40307 of the Vehicle Code. To exercise his power under that statute, a police officer must be able to establish that he has probable cause to believe that the identity of the person he seeks to detain requires verification. In this case, defendant intentionally gave the police a false name and address and was given several opportunities to change his story after being told that his information did not check out. He should not now be allowed to complain when, under clear statutory authority, the police detained him in order to verify the false information he had given them.

---

[1]Because the search can be upheld under section 40307 of the Vehicle Code, we need not consider the arguments raised by both parties regarding Proposition 8. (Cal. Const., art. I, § 28.)

The orders suppressing evidence and dismissing the charges against defendant are reversed.

Kline, P. J., and Smith, J., concurred.