[No. B008900. Second Dist., Div. Two. May 29, 1985.]

TAM VAN TRUONG, Plaintiff and Appellant, v.
ROBERT JAMES et al., Defendants and Respondents.

[redacted]

## COUNSEL

Rezac & Stroud and Ronald E. Rezac for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Assistant Attorney General, Robert H. Francis and Mark A. Weinstein, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**GATES, J.**—Tam Van Truong appeals from the judgment of dismissal entered in favor of the State of California and two California Highway Patrol Officers, Robert James and Norman Spargur, following the sustaining of their demurrers to his second amended complaint, which we attach hereto as an appendix.

■ We have concluded that while appellant has demonstrated remarkable semantic skill in his efforts to verbally skirt the bars to his action established by governing statutory and case law, the trial court's ruling was correct.

In his first amended complaint appellant had alleged that after he had hit a center divider while out for a drunk drive, the named officers had "negligently and carelessly failed to provide for the security of the then incompetent and helpless plaintiff and rather than providing such security for plaintiff, entrusted" him to the operator of the tow truck that removed his damaged vehicle from the scene.

When a demurrer was correctly sustained to this claim, appellant in his second amended complaint merely adopted the language utilized in *Clem-*

*ente* v. *State of California* (1980) 101 Cal.App.3d 374, 380 [161 Cal.Rptr. 799], augmented with terminology taken from *Williams* v. *State of California* (1983) 34 Cal.3d 18, 28, footnote 9 [192 Cal.Rptr. 233, 664 P.2d 137] which had partially disapproved of *Clemente's* extreme holding. That is, he rephrased his earlier charge by asserting that the officers "took affirmative action in investigating the accident and in assuming physical control of the scene, vehicle and of Plaintiff's person, and assumed a special and protective relationship with Plaintiff, thereby inducing reliance by Plaintiff and lulling plaintiff into a false sense of security, which action was however negligently performed, and rather than providing such security for Plaintiff, entrusted" him to the tow truck operator.

Manifestly, such conclusional terminology in no wise altered the material facts pleaded. Consequently, defendants' demurrers were properly sustained without leave to amend and this action dismissed as to them.[1]

Government Code section 846 expressly provides: "Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody." Such square commandment may not be avoided by even the most clever verbal footwork. (See *Stout* v. *City of Porterville* (1983) 148 Cal.App.3d 937 [196 Cal.Rptr. 310]; *Harris* v. *Smith* (1984) 157 Cal.App.3d 100 [203 Cal.Rptr. 541]; *Jackson* v. *Clements* (1983) 146 Cal.App.3d 983 [194 Cal.Rptr. 553]; cf. *Bettencourt* v. *State of California* (1975) 51 Cal.App.3d 892, 894-895 [124 Cal.Rptr. 542].) Appellant, of course, does not allege that the officers ordered, commanded or otherwise dictated that he do anything. Manifestly his decision "to enter into the eastbound lane of Firestone Boulevard where he was struck by oncoming vehicles" was not a peril created by the officers, i.e., it was due solely to his voluntarily intoxicated condition.

While doubtless every drunken person would like to shift the responsibility for his own behavior to others, to date the law has not accommodated this desire. Therefore, even assuming that one who is "incompetent to care for himself" is yet capable of being "lull[ed] . . . into a false sense of security," two seemingly inconsistent states of mind, such a circumstance will not require others to compensate him if he thereafter elects, while under no restraint, to walk in front of moving traffic.

---

[1]This proceeding apparently still continues as to the driver of the tow truck and his employer. Although appellant in his brief laconically mentions that these parties might, for some purposes, be deemed "agents" of the State of California, he cites no authorities and presents no argument designed to suggest how such a possibility would render the present ruling erroneous.

The judgment of dismissal is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 29, 1985.

## APPENDIX

Plaintiff alleges:

As a First Cause of Action as to Defendants Robert James, Norman Spargur; State of California, California Highway Patrol; Kenny Jennings, Dale Nuzum, Does 1-50, Inclusive.

(Negligence)

1. Defendant STATE OF CALIFORNIA is and at all times herein mentioned was a sovereign state of the United States of America.

2. Defendant CALIFORNIA HIGHWAY PATROL is, and at all times herein mentioned was an agency of and operating under the authority of the State of California, duly organized and existing under the laws of the State of California.

3. Defendants ROBERT JAMES and NORMAN SPARGUR are, and at all times herein relevant were, employees of the Defendant CALIFORNIA HIGHWAY PATROL and of the STATE OF CALIFORNIA and at all times herein relevant, said Defendants JAMES and SPARGUR, in doing the acts hereinafter described, acted within the course and scope of their employment.

4. Plaintiff is informed and believes and thereupon alleges that Defendant DALE NUZUM is an individual doing business as OWENS Tow, with a principal place of business in Buena Park, California.

5. Plaintiff is informed and believes and thereupon alleges that Defendant DALE NUZUM is and was at all times herein relevant, an agent of Defendant STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL and the remaining Defendants.

6. Defendant KENNY JENNINGS is an employee of Defendant NUZUM and in doing the acts hereinafter described, acted within the course and scope of his employment.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of said fictitiously-named Defendants is negligently responsible in some manner for the occurences herein alleged and that Plaintiff's injuries as hereinafter alleged were proximately caused by said negligence.

8. On or about August 31, 1982, Plaintiff was involved in a single-vehicle accident when the vehicle he was operating impacted with the center divider on Firestone Boulevard near its intersection with Orr & Day Road in the City of Norwalk.

9. Defendants JAMES and SPARGUR undertook to investigate said accident, determined that Plaintiff was in a state of severe intoxication, and unable to adequately care for himself or for his vehicle, and accordingly took control of said vehicle and Plaintiff. Said Defendants JAMES and SPARGUR contacted an employee of NUZUM, dba OWENS Tow, requesting that the disabled vehicle be towed from the scene.

10. Defendant OWENS Tow dispatched Defendant JENNINGS to the scene, where Defendant JENNINGS met with Defendants JAMES and SPARGUR and was advised by Defendants JAMES and SPARGUR that Plaintiff was intoxicated and directed Defendant JENNINGS to tow the disabled vehicle from the scene and to take Plaintiff to his home. Said Defendants JAMES and SPARGUR further advised Defendant JENNINGS that Plaintiff was intoxicated, and bellig-

erent, and that accordingly, if Plaintiff became for any reason unmanageable, he was to be removed from the tow truck. Defendant JENNINGS also determined that at that time that Plaintiff was highly intoxicated and belligerent.

11. Defendants JAMES, SPARGUR and JENNINGS then placed Plaintiff in the cab of the tow truck which had been driven to the scene by Defendant JENNINGS. Immediately subsequent to leaving the scene with the disabled vehicle in tow, Defendant JENNINGS, believing he could not adequately control Plaintiff, removed Plaintiff from the tow truck at or near the intersection of Firestone Boulevard and Orr & Day Road.

12. Plaintiff, being intoxicated and incompetent to care for himself, ran into the eastbound lane of Firestone Boulevard where Plaintiff was struck by three separate vehicles.

13. At such time and place and immediately prior to the injuries being sustained by Plaintiff as herein alleged, Defendants JAMES and SPARGUR took affirmative action in investigating the accident and in assuming physical control of the scene, vehicle and of Plaintiff's person, and assumed a special and protective relationship with Plaintiff, thereby inducing reliance by Plaintiff and lulling Plaintiff into a false sense of security, which action was however negligently performed, and rather than providing such security for Plaintiff, entrusted the intoxicated Plaintiff to Defendant JENNINGS with instructions that he was to be removed from the truck if he proved to be unmanagable. Defendant JENNINGS carelessly and negligently attempted to take control of an obviously intoxicated and belligerent Plaintiff, knowing that he was untrained and unqualified to undertake such a task and subsequently Defendant JENNINGS negligently and carelessly removed Plaintiff from the tow truck and, without providing any security for the protection of Plaintiff, allowed Plaintiff to enter into the eastbound lane of Firestone Boulevard where he was struck by oncoming vehicles.

14. As a proximate result of the negligence and carelessness of all Defendants, and each Defendant, Plaintiff was struck repeatedly by vehicles and was hurt and injured in his health, strength and activity, sustaining severe injuries to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that such injuries will result in permanent disability to him. As a result of such injuries Plaintiff has suffered general damages in the amount of $800,000.00.

15. As a further proximate result of the negligence and carelessness of Defendants, and each of them as herein alleged, Plaintiff has been required to expend money and incur obligations, and will continue to expend money and incur obligations for medical services, x-rays, drugs and sundries, and incidental expenses reasonably required in the treatment and relief of the injures herein alleged, and Plaintiff has been damaged thereby in the sum of approximately $30,000.00 to date, but which sum will be provided according to proof at trial.

16. As a further and proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff was prevented from attending to his usual occupation as a clerk where he previously earned wage of $1,200.00 per month, from the date of the accident to the present, at which time he remains unemployed and unemployable. Accordingly, Plaintiff has lost earnings in an amount as yet unascertained and which will be provided according to proof at trial.

17. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff's certain personal property and clothing was damaged, all to his damage which will be shown according to proof.

18. On or about November 15, 1982, the State of California received the claim which Plaintiff presented for the injuries, disability, losses and damages suffered and incurred by him as a result of the above-described occurrence, all in compliance with the requirements of § 905 of the Government Code. A copy of said claim is attached hereto as Exhibit "A" and made a part hereof.

19. On or about January 25, 1983, the aforesaid claim was rejected and notice was dispatched to Plaintiff or said rejection on or about February 16, 1983.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $800,000.00;
2. For medical and related expenses according to proof;
3. For loss of earnings according to proof;
4. For interest on judgment from August 31, 1982, the date of injury;

5. For costs of suit herein incurred, and
6. For such other and further relief as the Court may deem just and proper.

DATED: June 29, 1984