[No. D004695. Fourth Dist., Div. One. Mar. 24, 1987.]

CHRISTIAN TOSCANO LOPEZ, a Minor, etc., et al., Plaintiffs and Appellants, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

**COUNSEL**

David M. Korrey and McAvoy & Korrey for Plaintiffs and Appellants.

John W. Witt, City Attorney, Ronald L. Johnson, Senior Chief Deputy City Attorney, Eugene P. Gordon, Chief Deputy City Attorney, and Leslie J. Girard, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**WIENER, J.**—This case is part of the legal aftermath of the tragic 1984 massacre at a McDonald's restaurant in San Ysidro, California. The plaintiffs, some of the victims and survivors of the massacre, appeal from the judgment entered after defendants' demurrer to plaintiffs' second amended complaint was sustained without leave to amend. Defendants are the City of San Diego, former San Diego Mayor Roger Hedgecock and San Diego Police Chief William Kolender (the police defendants). We affirm.

I

Plaintiffs' theory of liability is that the police defendants were negligent in failing to exercise reasonable care in responding to and handling the crisis created when James Huberty walked into McDonald's and started his random shooting. Before he was fatally wounded Huberty killed 21 persons and injured several more. Styled as five separate causes of action, the complaint in reality merely alleges five sets of factual circumstances, each of which plaintiffs claim establish defendants' negligence. Specifically, plaintiffs argue that the police defendants are liable because the police officers were inadequately hired, improperly trained and/or negligently supervised which resulted in their ineffectual and untimely efforts to rescue the persons under siege proximately causing the alleged injuries and deaths.

Relying on *Harris* v. *Smith* (1984) 157 Cal.App.3d 100, 105 [203 Cal.Rptr. 541] and *Jackson* v. *Clements* (1983) 146 Cal.App.3d 983, 988 [194 Cal.Rptr. 553], plaintiffs contend their pleadings establish three different theories on which to predicate the defendants' liability. Defendants are alleged to have (1) acted in an affirmative fashion which placed plaintiffs in peril or increased their risk of harm; (2) omitted or failed to act after a promise was made; and (3) created a special relationship upon which plaintiffs relied to their detriment. It is true that the complaint contains allegations which parrot these three legal theories. ■ But the function of a complaint is to plead facts, not legal conclusions. (See generally 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 332, p. 382.) Our function is to determine whether the facts as alleged give rise to any valid cause of action.

## II

■ Where the gravamen of the complaint is a police failure to act reasonably in protecting members of the public from the harm caused by a third person (i.e., nonfeasance), a series of recent Supreme Court cases make clear that the liability of the governmental entity is narrowly circumscribed. (See *Williams* v. *State of California* (1983) 34 Cal.3d 18, 23 [192 Cal.Rptr. 233, 664 P.2d 137]; *Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 202 [185 Cal.Rptr. 252, 649 P.2d 894].) Generally, there is no legal "duty," and hence no liability for negligence, unless there is a special relationship between the police and either the victim or the third person which gives rise to a responsibility to control the third person's conduct. (See generally *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 435 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *Davidson* v. *City of Westminster, supra,* 32 Cal.3d at p. 203.) In the usual situations involving the performance of police duties, such a relationship has been held to depend on representations or conduct by the police which cause the victim(s) to detrimentally rely on the police such that the risk of harm as the result of police negligence is something more than that to which the victim was already exposed. (See *Williams* v. *State of California, supra,* 34 Cal.3d at pp. 24-25, 27-28; *Hucko* v. *City of San Diego* (1986) 179 Cal.App.3d 520, 522 [224 Cal.Rptr. 552].) "Recovery has been denied, however, for injuries caused by the failure of police personnel to respond to requests for assistance, the failure to investigate properly, or the failure to investigate at all, where the police had not induced reliance on a promise, express or implied, that they would provide protection." (*Williams, supra,* 34 Cal.3d at p. 25.)

## III

■ Based on the foregoing principles, plaintiffs' complaint fails to set forth facts sufficient to establish the potential liability of the police defen-

dants. The essence of plaintiffs' negligence allegations is that, having arrived on the scene within four minutes after Huberty started shooting, the police delayed over an hour before commencing an operation to "neutralize" Huberty and rescue the victims. Whether this delay was due to negligence or prudent caution arising from the uncertainty of the situation is immaterial. The police can in no way be charged with lulling Huberty's victims into a false sense of security, nor can the alleged inaction by police reasonably be said to have increased the risk of harm to which the victims were subject. In fact, in view of the sheer horror of the ordeal, it is difficult to imagine anything the police could have done or failed to do which would have made the risk any greater than that to which the victims were exposed before the police arrived.

Although not factually identical, past cases support this conclusion. In *Von Batsch* v. *American Dist. Telegraph Co.* (1985) 175 Cal.App.3d 1111 [222 Cal.Rptr. 239], sheriff's deputies responded to a burglar alarm signal from a business office. Their investigation failed to include an inspection of the roof which would have discovered several holes cut by intruders. Several hours after the deputies had left, a business executive in the building was killed by the intruders. The court concluded that no cause of action had been stated, reasoning as follows: "The officers did not create the peril to decedent. They took no affirmative action which contributed to, increased, or changed the risk which would have otherwise existed. At most they merely failed to eliminate the danger of unknown intruders." (*Id.* at p. 1124.)

In *Rose* v. *County of Plumas* (1984) 152 Cal.App.3d 999 [199 Cal.Rptr. 842], the plaintiff was injured during a disturbance at a bar. Sheriff's deputies who arrived to investigate the disturbance discovered plaintiff injured and bleeding but failed to arrange for emergency treatment. Apparently, this lack of treatment caused the plaintiff to suffer permanent injury. The court nonetheless held that liability could not be imposed: "Nothing in the complaint even suggests that plaintiffs in any sense relied on the police for medical aid. Plaintiff's injuries were sustained prior to the arrival of the police; they did not cause them. The officers did not undertake any affirmative action which contributed to, increased or changed the risk which otherwise already existed. [Citation.] No express or implied promises were made by the officers indicating they would render aid. Nothing in the complaint suggests that plaintiff or anyone else held the subjective belief that emergency aid would be rendered by the officers. The pleading merely states that plaintiff was injured and in need of emergency care, but did not get it. In no sense can a 'special relationship' be inferred from such a bald assertion." (*Id.* at pp. 1004-1005.)

Finally, in *Antique Arts Corp.* v. *City of Torrance* (1974) 39 Cal.App.3d 588 [114 Cal.Rptr. 332], a dispatcher inexplicably delayed ten minutes in broadcasting a report of a burglary. The delay allowed the burglars to escape with stolen property. The court held, however, that the police could not be held liable for an unreasonable delay in the performance of their duty because no special relationship existed between the victim and the police. (*Id.* at pp. 591-592; see also *Hartzler* v. *City of San Jose* (1975) 46 Cal.App.3d 6 [120 Cal.Rptr. 5] [no duty to respond to report of a threatened killing].)

In our view, the results in these cases—where the allegations of police negligence are much clearer than those of the present one—demonstrate that liability will not be imposed in the absence of a direct connection between police conduct and an increased risk of harm. Such a connection is manifestly absent in the present case.

## IV

■ At oral argument, plaintiffs' counsel pursued his contention that the police defendants affirmatively *increased* the peril to which the victims were exposed (i.e., a misfeasance theory) because response by the San Diego police units precluded response by the San Diego County Sheriff's Department. They suggest that had the sheriff's department responded, it would have performed the rescue operation in a non-negligent manner, presumably resulting in fewer deaths and injuries.

To support this theory plaintiffs allege no facts as to why the sheriff's department would respond to a report of a criminal incident within the city limits of San Diego other than to assist San Diego police. In addition, the complaint does not allege that it was unreasonable for the San Diego police to respond at all and it is purportedly this response which precluded action by the sheriff's department. Lacking such factual allegations the pleadings are inadequate to show that the San Diego officers prevented other assistance. (See *Clemente* v. *State of California* (1985) 40 Cal.3d 202, 213 [219 Cal.Rptr. 445, 707 P.2d 818].) We see no basis for application of a misfeasance theory.

■ We also reject plaintiffs' contention that the court abused its discretion by not giving them a further opportunity to amend their complaints. Plaintiffs have failed in each of their pleading efforts to present sufficient facts to the trial court and have presented no additional facts here which could possibly serve as the basis for liability against the police defendants.

The trial court did not abuse its discretion in denying plaintiffs further leave to amend.

### DISPOSITION

Judgment affirmed. Plaintiffs to bear all costs for this appeal.

Kremer, P. J., and Todd, J., concurred.

A petition for a rehearing was denied April 15, 1987, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied May 27, 1987.