[No. C015913. Third Dist. Jan. 18, 1994.]

In re JERMAINE B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JERMAINE B., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and parts I and II of the Discussion.

COUNSEL

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—Following a jurisdiction hearing, the minor, Jermaine B., was found to have violated Penal Code section 459 (burglary) and Vehicle Code section 10851, subdivision (a) (vehicle theft).

At the disposition hearing, the juvenile court continued the minor as a ward of the court and committed him to the California Youth Authority (CYA). The minor has appealed.

In an unpublished portion of this opinion, we consider and reject the minor's contentions that prejudicial error occurred at the jurisdiction hearing.

■ In this published portion of the opinion, we consider the minor's contention that the juvenile court erroneously refused to consider an alternative to CYA commitment on the ground rule 1493(e) of the California Rules of Court[1] mandated commitment to CYA because the minor was a CYA parolee. We shall conclude the minor's interpretation of rule 1493(e) is correct and the juvenile court erred in concluding it had no discretion to consider dispositional alternatives to CYA. We shall therefore reverse the disposition order and remand for a new disposition hearing.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

At the disposition hearing, the minor's counsel wished to present evidence and argument with respect to the minor's suitability for placement in the Rite of Passage (ROP) program.

The juvenile court refused to entertain argument or evidence on the question, ruling rule 1493(e) required the court to send the minor to CYA because he was a CYA parolee.

Rule 1493(e) states: "If at the time of the disposition hearing the child is a ward of the Youth Authority under a prior commitment, *the court may either recommit or return the child to the Youth Authority*. If the child is returned to the Youth Authority, the court may:

---

[1] All further references to rules are to the California Rules of Court.
*See footnote, *ante*, page 1280.

"(1) Recommend that the ward's parole status be revoked;

"(2) Recommend that the ward's parole status not be revoked; or

"(3) Make no recommendation regarding revocation of parole." (Italics added.)

The juvenile court concluded the rule allowed the court only two choices: to recommit or return the child to CYA. This restrictive interpretation of the rule was erroneous for several reasons.

First, the rule says the court "may" either recommit or return the child to the CYA. As used in the juvenile court rules, " 'shall' is mandatory and 'may' is permissive." (Rule 1401(b)(1).) Since "may" is permissive in rule 1493(e), the rule does not mandate sending a minor to CYA. Rather, by this straightforward interpretation, the rule is designed to tell the juvenile court what to do *if* it determines the minor should be sent to CYA. The rule specifies two choices: (1) a return under a prior commitment or (2) a new commitment. "Recommitment is administratively more cumbersome and costly, in that many of the same procedures required in the original commitment are followed. If the minor is 'returned,' it is not necessary to follow commitment procedures." (Advisory Com. Comment, Deering's Ann. Cal. Rules of Court, former rule 1372 (1988), p. 487.) We see no reason why we should not adopt this interpretation of the rule that gives effect to the permissive use of "may" as rule 1401(b)(1) commands.

Second, the predecessor rule to rule 1493(e) clearly specified that the juvenile court retained authority to consider dispositional alternatives other than CYA; we perceive no intent in rule 1493 to effect a substantive change from the prior rule.

Thus, rule 1493, effective January 1, 1991, contains language similar to the language of former rule 1372 as amended effective January 1, 1986. Former rule 1372(c) outlined dispositional options for wardship under Welfare and Institutions Code sections 726, 727, 730 and 731:[3] "When a minor is adjudged a ward of the court, the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor, including medical treatment, and including orders to the parents and guardians of the minor to appear before a county financial evaluation officer, subject to the further order of the court. The court may order the care, custody, control and conduct of the minor to be under the supervision of the probation officer or may commit the minor to the care,

---

[3]Further statutory references are to the Welfare and Institutions Code.

custody and control of any person or organization enumerated in section 727. If the minor was adjudged a ward of the court as a person described by section 602, the court, as additional alternatives, may make an order for the treatment or commitment of the minor under either section 730 or 731."

Former rule 1372(d), the counterpart to current rule 1493(e), stated: "If the minor has previously been committed to the Youth Authority and is at the time of the disposition hearing a ward of the Youth Authority, *the court may, as a disposition under subdivision (c), either recommit or return the ward to the Youth Authority.* If the minor is returned to the Youth Authority, the court may make a recommendation to the Authority that the minor's parole status be revoked, not be revoked, or the court may make no recommendation." (Italics added.) The Advisory Committee Comment regarding former rule 1372(d) states that subdivision "describes the dispositional alternatives available when the minor is a Youth Authority parolee. *In addition to* the alternatives under subdivision (c), the minor may be 'recommitted' or 'returned' to the Youth Authority. . . ." (Advisory Com. Comment, Deering's Ann. Cal. Rules of Court, former rule 1372 (1988), p. 487, italics added.)

We have no reason to believe new rule 1493(e) constituted a substantive revision of former rule 1372(d). Rather, the new rule seems to be merely a recodification of the former rule.

Third, our interpretation of rule 1493(e) is necessary to avoid a conflict between the rule and a statute. A rule of court promulgated by the Judicial Council for governance of the juvenile court cannot be inconsistent with a statute. (Cal. Const. art. VI, § 6; § 265.)

No statute mandates that a CYA parolee must be sent to CYA upon a new disposition. On the other hand, section 730 provides in pertinent part, "When a minor is adjudged a ward of the court on the ground that he is a person described by Section 602, the court may order any of the types of treatment referred to in Section 727, and as an additional alternative, may commit the minor to a juvenile home, ranch, camp or forestry camp." Section 727, subdivision (a)(2) includes, as a permissible mode of treatment, placement in "A suitable licensed community care facility." Rule 1493(e) may not be read so as to curtail the juvenile court's use of dispositions contemplated by these statutes.

Finally, our interpretation of rule 1493(e) advances the purposes of the juvenile court law. Section 202, subdivision (b) provides in relevant part, "Minors under the jurisdiction of the juvenile court as a consequence of

delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, and which is appropriate for their circumstances." These purposes are best served by allowing the juvenile court the widest possible range of dispositional alternatives, so that any given disposition may best meet the needs of an individual case.

For these reasons, the juvenile court erred in concluding rule 1493(e) required that the minor be sent to CYA. Accordingly, the court erroneously precluded the minor's counsel from adducing evidence and argument as to the suitability of the ROP program.

## DISPOSITION

The jurisdictional finding is affirmed. The disposition order is reversed and the case remanded for a new disposition hearing.

Puglia, P. J., and Blease, J., concurred.

Petitions for a rehearing were denied February 14, 1994, and the petitions of both respondent and appellant for review by the Supreme Court were denied April 13, 1994. Kennard, J., was of the opinion that the petitions should be granted.