[No. C055614. Third Dist. May 9, 2008.]

CALIFORNIA HIGHWAY PATROL et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
CARL BRYAN WALKER et al., Real Parties in Interest.

COUNSEL

Edmund G. Brown, Jr., Attorney General, Thomas D. McCracken and Catherine Woodbridge Guess, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

The Law Office, Edward P. Dudensing and Christopher S. Buckley for Real Party in Interest Carl Bryan Walker.

Gerald D. Langle for Real Party in Interest Amanda Walker.

No appearance for Real Party in Interest Scott St. Pierre.

OPINION

DAVIS, J.—In this consolidated action for breach of mandatory duty involving wrongful death, defendant California Highway Patrol and two of its officers (collectively, the CHP) petition this court for a writ of mandate after the trial court denied their motion for summary judgment. The trial court found that the CHP had a mandatory duty under Vehicle Code section 14602.6, subdivision (a)(1), to impound an individual's vehicle for 30 days after arresting that individual for driving with a suspended license in violation of Vehicle Code section 14601.1.[1]

We conclude that section 14602.6, subdivision (a)(1) (hereafter, section 14602.6(a)(1)) provides only discretionary authority to impound and therefore the CHP cannot be held liable here under Government Code section 815.6 for failing to perform a mandatory duty. Accordingly, we issue a peremptory writ of mandate directing the trial court to reverse its order denying summary judgment and to enter judgment in favor of the CHP.

BACKGROUND

On the morning of March 17, 2004, CHP Officers Machado and Lopez responded to a noninjury car accident involving Scott St. Pierre. St. Pierre

---

[1] There is a discrepancy in the record as to whether the arrestee here was charged with violating Vehicle Code section 14601.1 (driving when privilege suspended or revoked) or Vehicle Code section 14601.2 (driving when privilege suspended or revoked for driving under the influence). Although the trial court referred to the charge as Vehicle Code section 14601.2, the arrest report lists the charge as section 14601.1. While the difference between the two sections has no bearing on this case, for simplicity we refer to the charged offense as Vehicle Code section 14601.1.

Hereafter, undesignated section references are to the Vehicle Code.

appeared intoxicated and failed a series of field sobriety tests. Officer Lopez arrested St. Pierre for driving while under the influence of prescription drugs, in violation of section 23152. Officer Machado prepared a CHP-180 vehicle report form, indicating St. Pierre's vehicle would be "stored" (rather than "impounded" or "released") pursuant to section 22651, subdivision (h).[2]

While en route to the Sacramento County Sheriff's Department, Officer Lopez checked St. Pierre's license and discovered it was suspended. Officer Lopez subsequently booked St. Pierre for violation of sections 23152, subdivision (a) (driving under the influence) and 14601.1 (driving with a suspended license). In the arrest report, Officer Lopez marked St. Pierre's car as "stored" (as opposed to "impounded").

St. Pierre was released from jail that very same day at approximately 6:30 p.m. St. Pierre's mother then retrieved the vehicle from Folsom Towing. At approximately 9:30 p.m. that evening, St. Pierre, while driving the vehicle, collided with another car, causing fatal injuries to decedent Jerry Walker.

In 2005, Amanda and Carl Bryan Walker (the Walkers), decedent's wife and son, filed separate wrongful death complaints against the CHP pursuant to Government Code section 815.6, which imposes liability for breach of mandatory duty; these complaints were subsequently consolidated. Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

The Walkers alleged that the CHP breached the mandatory duty of the 30-day impound requirement of section 14602.6(a)(1) (at the time the CHP allegedly breached this mandatory duty, the subdivision at issue was simply subd. (a); for our purposes, this former subd. (a) and the current subd. (a)(1) of § 14602.6 are substantively identical). Section 14602.6(a)(1) provides in relevant part: "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended . . . the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause

---

[2] Section 22651 states in relevant part: "A peace officer . . . may remove a vehicle located within the territorial limits in which the officer . . . may act, under the following circumstances: [¶] . . . [¶] (h)(1) When an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody."

the removal and seizure of the vehicle without the necessity of arresting the person . . . . A vehicle so impounded shall be impounded for 30 days."

The CHP moved unsuccessfully for summary judgment, arguing, among other things, that section 14602.6(a)(1) did not create a mandatory duty for Government Code section 815.6 purposes. The trial court concluded that section 14602.6(a)(1) created a mandatory duty here within the purview of Government Code section 815.6 liability.

The trial court ruled that although it is not mandatory to take any action under section 14602.6(a)(1), once a police officer chooses to take action by arresting an individual for driving with a suspended license under section 14601.1, the officer must also impound the individual's vehicle for 30 days. According to the trial court, section 14602.6(a)(1) does not permit a peace officer to merely arrest the driver; the officer must arrest the driver and impound the vehicle, or simply impound the vehicle.

The CHP then filed the petition for writ of mandate and/or prohibition that is at issue here. We issued an alternative writ.

DISCUSSION

1. *Standard of Review*

The CHP contends that the trial court incorrectly interpreted section 14602.6(a)(1) to impose a mandatory duty to impound St. Pierre's vehicle for 30 days after the officers arrested him for driving with a suspended license.

■ The interpretation of a statute is a question of law subject to independent review on appeal. We therefore interpret section 14602.6(a)(1) independently. "Our objective in interpreting a statute is to determine legislative intent so as to effectuate the law's purpose. The first thing we do is read the statute, and give the words their ordinary meanings unless special definitions are provided. If the meaning of the words is clear, then the language controls; if not, we may use various interpretive aids," including legislative history, statutory context, and public policy. (*Schnyder v. State Bd. of Equalization* (2002) 101 Cal.App.4th 538, 545 [124 Cal.Rptr.2d 571], fns. omitted; see *Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist.* (1992) 8 Cal.App.4th 1554, 1562 [11 Cal.Rptr.2d 222] (*Fish & Game*).)

2. *Interpretation of Section 14602.6(a)(1)*

   A. *Language of section 14602.6(a)(1)*

Section 14602.6(a)(1) provides as relevant: "Whenever a peace officer determines that a person was driving a vehicle while his or her driving

privilege was suspended or revoked, . . . or driving a vehicle without ever having been issued a driver's license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person . . . . A vehicle so impounded shall be impounded for 30 days."

The Vehicle Code specifically defines "shall" as mandatory, and "may" as permissive. (§ 15.) California courts have interpreted various provisions of the Vehicle Code using the word "may" to confer discretionary authority on law enforcement. (See, e.g., *Hough v. McCarthy* (1960) 54 Cal.2d 273, 279–280 [5 Cal.Rptr. 668, 353 P.2d 276] [Department of Motor Vehicles "may" suspend or revoke license]; *Green v. City of Livermore* (1981) 117 Cal.App.3d 82, 90 [172 Cal.Rptr. 461] [officer "may" impound vehicle or remove keys].) Therefore, the "may" language of 14602.6(a)(1) supports the interpretation that this statute confers discretionary authority on law enforcement.

The trial court focused on the words "may either" to conclude that *any* action under section 14602.6(a)(1) mandated a 30-day impoundment. The trial court determined that the words "may either" required an officer taking action under this statute to do one of two things: (1) arrest the person and impound the vehicle, or (2) simply impound the vehicle. However, the trial court cited no authority for this interpretation. In fact, this court has previously rejected such an interpretation of "may either" in *In re Jermaine B.* (1994) 21 Cal.App.4th 1280, 1283 [26 Cal.Rptr.2d 612]. The *Jermaine B.* court found that interpreting "may either" to allow only two choices was erroneous for several reasons, including that the juvenile court rules at issue there (like the Vehicle Code here) state that "shall" is mandatory and "may" is permissive. (*Id.* at pp. 1282–1283.) The phrase "may either" does no more than apply the "may" to both of the succeeding clauses. Thus, section 14602.6(a)(1), in effect, says only that an officer "may . . . immediately arrest th[e] person and cause the removal and seizure of th[e] vehicle or . . . [*may*] cause the removal and seizure of the vehicle without the necessity of arresting the person . . . ."

The Walkers focus on the word "shall" in section 14602.6(a)(1) as creating a mandatory duty on the CHP. However, the Walkers' emphasis on "shall" is misplaced. The word "shall" describes only the 30-day time period for any vehicle "*so impounded.*" (Italics added.) If an officer decides not to impound a car under the discretionary authority provided by section

14602.6(a)(1), it is not "so impounded" and therefore the 30-day provision is inapplicable.

### B. *Extrinsic aids for section 14602.6(a)(1) interpretation*

If the words of the statute themselves do not provide a definitive answer, we may turn to extrinsic aids. Here, we turn to legislative history, statutory context, and public policy. (*Fish & Game, supra*, 8 Cal.App.4th at p. 1562.)

*Legislative History*

The legislative history of section 14602.6 sheds some additional light upon the Legislature's intent. The Legislature in 1994 added section 14602.6 to the Vehicle Code as one of several provisions dealing with the registration and licensing of vehicles, the revocation and suspension of licenses, and punishments for driving with a suspended or revoked license. (*Smith v. Santa Rosa Police Dept.* (2002) 97 Cal.App.4th 546, 557 [119 Cal.Rptr.2d 72] (*Smith*); Stats. 1994, ch. 1221, § 13, p. 7565.) As originally enacted, section 14602.6 stated in part: "(a) Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked or without ever having been issued a license, the peace officer *may* immediately arrest that person and cause the removal and seizure of that vehicle . . . . A vehicle so impounded shall be impounded for 30 days." (Stats. 1994, ch. 1221, § 13, p. 7565, italics added.)

The Legislative Counsel's Digest interpreted this statute to "*specifically authorize*" a peace officer to immediately arrest any such person and impound the vehicle. (Legis. Counsel's Dig., Sen. Bill No. 1758 (1993–1994 Reg. Sess.) 5 Stats. 1994, Summary Dig., subd. (10), pp. 517–518, italics added.) The digest also noted that the statute removed a prior restriction that a vehicle could not be impounded if a validly licensed passenger was able to drive it. (*Ibid.*) Thus, section 14602.6, as passed in 1994, actually gave a police officer *more* discretion in deciding whether to impound a vehicle. Apparently, then, the Legislature intended through the original section 14602.6 to give police officers discretionary authority to arrest an individual driving with a suspended license and impound his or her vehicle. If an officer decides to exercise this authority, the vehicle is subject to a 30-day impoundment.

The Legislature amended section 14602.6 in 1995 to read in relevant part: ". . . the peace officer *may either* immediately arrest that person [with suspended, revoked or no license] and cause the removal and seizure of that vehicle *or, if the vehicle is involved in a traffic collision, cause the removal*

*and seizure of the vehicle, without the necessity of arresting the person . . . ."* (Stats. 1995, ch. 922, § 3, p. 7033, italics added.) In this way, the Legislature added a provision allowing for impoundment without arrest, but showed no intent in the amended language to make the decision to arrest and impound mandatory. In fact, in 2001 the Legislative Counsel's Digest said of section 14602.6: "Existing law *allows* peace officers to impound vehicles driven by persons whose driving privileges are suspended or revoked or who have never been issued a driver's license." (Legis. Counsel's Dig., Assem. Bill No. 360 (2001–2002 Reg. Sess.) Summary Dig., italics added.) Therefore, notwithstanding the addition of the term "may either," the Legislature continued to give police officers full discretionary authority under 14602.6.

*Statutory Context*

█  We next consider the statutory context of section 14602.6(a)(1). " ' " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " ' " (*Smith, supra,* 97 Cal.App.4th at p. 565, quoting *City of Petaluma v. County of Sonoma* (1993) 12 Cal.App.4th 1239, 1244 [15 Cal.Rptr.2d 617].) Reference to related statutes may be helpful as well. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404].)

█  In *Smith,* the court interpreted the term "mitigating circumstances" in section 14602.6 by looking to other impound statutes contained in the Vehicle Code; specifically, sections 14602.5, 14602.7 and 14607.6. (*Smith, supra,* 97 Cal.App.4th at pp. 565–566.) A look at those three statutes is appropriate for our analysis of section 14602.6, too.

Section 14602.5 provides for impoundment of a motorcycle driven by a person while his or her driving privilege has been suspended or revoked. It provides in relevant part: "Whenever a person is convicted for driving any class M1 or M2 motor vehicle, while his or her driving privilege has been suspended or revoked . . . the court *may*, at the time sentence is imposed on the person, order the motor vehicle impounded . . . ." (§ 14602.5, subd. (a), italics added.) Under this provision, there is no indication that a court *must* impound a person's motorcycle, even though the statute contemplates a person being convicted of, not merely arrested for, driving with a suspended license.

Section 14602.7 provides for vehicle impoundment when an officer establishes, before a magistrate, reasonable cause to believe the vehicle was used

to flee a police officer or was driven in a reckless manner. The statute provides in relevant part: "A magistrate . . . shall issue a warrant or order *authorizing* any peace officer to immediately seize and cause the removal of the vehicle. . . . A vehicle so impounded may be impounded for a period not to exceed 30 days." (§ 14602.7, subd. (a), italics added.) This provision gives a police officer authority to impound a vehicle, but does not mandate that the officer do so, even though the officer has established, before a magistrate, reasonable cause to believe an individual used the vehicle to flee a police officer or drove the vehicle in a reckless manner.

Section 14607.6 provides for impoundment of a vehicle if it is driven by a person who lacks a valid driver's license and who has been convicted previously of a specified offense, including the offense of driving with a suspended or revoked license. This statute provides in relevant part: "If a driver is unable to produce a valid driver's license on the demand of a peace officer enforcing the provisions of this code, . . . the vehicle *shall* be impounded regardless of ownership, unless the peace officer is reasonably able, by other means, to verify that the driver is properly licensed." (§ 14607.6, subd. (c)(1), italics added; see also *id.*, subd. (a).) Unlike the previous provisions, section 14607.6 contains the word "shall." The Legislature's use of "shall" instead of "may" for this section indicates that it understands the distinction between the two words and acts deliberately in choosing its vocabulary. This clear distinction in the language employed in sections 14602.6 and 14607.6 further supports the conclusion that section 14602.6(a)(1) confers discretionary authority on law enforcement.

*Public Policy*

█   Finally, public policy supports the conclusion that section 14602.6(a)(1) does not create a mandatory duty for a police officer to impound the vehicle of an individual arrested for driving with a suspended license. (See *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 213 [64 Cal.Rptr.3d 210, 164 P.3d 630].) One cannot overstate the logistical difficulties that would ensue if all California police officers arresting an individual for driving with a suspended or revoked license were required to impound that individual's vehicle for 30 days. The Legislature has acknowledged in section 14607.4 that at any given time an estimated 720,000 drivers in California have a suspended or revoked driver's license, and an additional 1,000,000 persons are driving without ever having been licensed at all. (§ 14607.4, subd. (c).) It is unclear whether towing facilities would have the capacity to impound the substantial number of vehicles affected by a mandatory regulation, let alone for a period of 30 days.

Moreover, such a requirement would be administratively burdensome in cases where, as here, a police officer initially arrests an individual for a different charge permitting removal of the vehicle, but subsequently also arrests that individual for driving with a suspended license. Requiring the officer to then amend the vehicle report, call the towing company to notify it of the new authority to impound the vehicle, and change the impoundment period to a mandatory 30 days seems unduly onerous and administratively inefficient. With scant evidence to support an interpretation of section 14602.6(a)(1) as imposing a mandatory duty, we cannot find that the Legislature intended to create a mandatory impoundment provision that raises significant public policy considerations. (See *People v. Cole* (2006) 38 Cal.4th 964, 992 [44 Cal.Rptr.3d 261, 135 P.3d 669] [" 'We are not persuaded the Legislature would have silently, or at best obscurely, decided so important and controversial a public policy matter . . . .' "].)

### 3. *Breach of Mandatory Duty Cause of Action*

■ For liability to be invoked against a public entity or employee under Government Code section 815.6 for failing to perform a mandatory duty, the enactment at issue "must *require*, rather than merely authorize or permit, that a particular action be taken or not taken." (*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 498 [93 Cal.Rptr.2d 327, 993 P.2d 983], original italics.) If the enactment merely confers discretionary authority, public entities and employees are generally immune from liability. (Gov. Code, § 820.2 ["Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."].) ■ For the reasons stated above, we conclude that section 14602.6(a)(1) confers only discretionary authority on law enforcement to impound an individual's vehicle if an individual is arrested for driving with a suspended license under section 14601.1. Consequently, the CHP cannot be held liable here under Government Code section 815.6 for failing to perform a mandatory duty.

### DISPOSITION

Let a peremptory writ of mandate issue, directing the trial court to vacate its order denying the CHP's motion for summary judgment and to enter an order granting the motion and judgment in favor of the CHP (including the two named officers). Real parties in interest are ordered to reimburse CHP for

its costs in this original proceeding. (Cal. Rules of Court, rule 8.490(m)(1)(A).) The alternative writ, having served its purpose, is discharged. The stay of proceedings previously issued by this court is vacated upon the finality of this decision.

Blease, Acting P. J., and Robie, J., concurred.