Herb N. COLLINS; et al., Plaintiffs— Appellants,

v.

CITY OF SACRAMENTO; et al., Defendants—Appellees.

No. 07–17261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed May 5, 2009.

Stewart L. Katz, Esq., Sacramento, CA, for Plaintiffs–Appellants.

Marcos A. Kropf, Office of Sacramento City Attorney, Sacramento, CA, for Defendants–Appellees.

Before: T.G. NELSON, KLEINFELD and M. SMITH, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants Herb N. Collins and his family appeal the district court's grant of summary judgment in their 42 U.S.C. § 1983 action to the Defendants–Appellees, the City of Sacramento and several police officers (Sacramento). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision. Collins failed to make a substantial showing that Detective Patton obtained the warrant to search Collins's home through deliberate falsehoods or reckless disregard for the truth. Accordingly, Detective Patton is entitled to qualified immunity in Collins's claim of unreasonable search and seizure. *See Butler v. Elle*, 281 F.3d 1014, 1021, 1024 (9th Cir. 2002).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We need not decide whether the district court erred in granting summary judgment on the basis that the police officers had sufficient probable cause to arrest Collins following the search of his home. *See McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir.1984) ("[S]ummary judgment is appropriate only if no reasonable jury could find that the officers did or did not have probable cause to arrest."). Regardless, summary judgment was appropriate on the basis that the police officers were entitled to qualified immunity, acting on the reasonable belief that they had probable cause to arrest Collins on the basis of all the evidence recovered in the search. *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *see also Enlow v. Salem–Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir.2004) (holding that the court may affirm a district court's grant of summary judgment on any basis supported in the record).

Collins failed to present any evidence "from which a reasonable fact finder could conclude that the defendant pursued the underlying action with malice," *Estate of Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir.2008), and failed to prove facts overcoming the presumption of independent prosecutorial judgment. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir.2002). Accordingly, his claim for malicious prosecution under § 1983 fails. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (claim for malicious prosecution under § 1983 incorporates state law requirements); *Pattiz v. Minye*, 61 Cal.App.4th 822, 71 Cal.Rptr.2d 802, 804 (1998) (requirements for malicious prosecution in California include a showing that the action was brought without probable cause and was initiated with malice).

Summary judgment was also appropriate with regards to Collins's state law claims because the police officers had reasonable cause to believe Collins's arrest was supported by probable cause, Cal.Penal Code § 847(b)(1), and police officers are immune from liability "where the [offending] act ... was the result of the exercise of ... discretion ..., whether or not such discretion be abused." Cal. Gov't Code § 820.2; *see Bonds v. California ex rel. Cal. Highway Patrol*, 138 Cal.App.3d 314, 187 Cal.Rptr. 792, 796–97 (1982) ("As with the decision to investigate, an officer's 'decision to arrest, or to take some protective action less drastic than arrest, is an exercise of discretion for which a peace officer may not be held liable in tort.' ").

**AFFIRMED.**